IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IMPERIAL TOY CORPORATION, ) | **DOCKETED** |
| ) | AUG 0 9 2002 |
| Plaintiff, ) | Civil Action No. 97 CV 8895 |
| ) | |
| v. ) | Judge Lingberg |
| ) | |
| TY, INC., ) | |
| ) | Magistrate Judge Bobrick |
| Defendants. ) | |

### NOTICE OF PEACEABLE PLANET'S MOTION TO AMEND STIPULATED PROTECTIVE ORDER

To:   Edward B. Ruff, III            James P. White
      William W. Elinski             J. Aron Carnahan
      Pretzel & Stouffer, Chartered  Welsh & Katz, Ltd.
      One South Wacker Drive         120 South Riverside Plaza
      Suite 2500                     22nd Floor
      Chicago, Illinois 60606        Chicago, Illinois 60606

PLEASE TAKE NOTICE that on Wednesday, August 7, 2002 at 10:00 a.m., Peaceable Planet, Inc. shall appear before the Honorable Judge Lindberg in the courtroom usually occupied by him, 219 South Dearborn Street, Chicago, Illinois, 60603, and then and there present its Motion to Amend Stipulated Protective Order and Memorandum in Support of, a copy of which accompanies this notice.

Dated: August 2, 2002                    Respectfully submitted,

                                                Peaceable Planet, Inc.

By: *[signature]*
      Charles W. Shifley, Esq.
Marc S. Cooperman, Esq.
Scott A. Burow, Esq.
Banner & Witcoff, Ltd.
10 South Wacker Drive
30th Floor
Chicago, Illinois 60606
(312) 715.1000

Attorneys for
PEACEABLE PLANET, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IMPERIAL TOY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>TY, INC.,<br><br>    Defendant. | DOCKETED<br>AUG 0 3 2002<br>Civil Action No. 97 CV 8895<br><br>Judge Lindberg<br><br>Magistrate Judge Bobrick |

FILED AUG - 2 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

### MOTION TO AMEND STIPULATED PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT

Peaceable Planet, Inc. ("Peaceable Planet"), submits this memorandum in support of its Motion to Amend the Stipulated Protective Order in the case captioned above.

### Background

This case involved claims of trademark infringement by the plaintiff, Imperial Toy Corporation ("Imperial Toy") against defendant, Ty, Inc. ("Ty"), concerning Ty's Beanie Baby lion named "Roary." In 1998, following extensive discovery and an evidentiary hearing, this Court granted Imperial Toy's motion for preliminary injunction, and ordered Ty to cease using the trademark "Roary." *Imperial Toy Corp. v. Ty, Inc.*, 48 USPQ2d 1299 (N.D. Ill. 1998) (copy attached as Exhibit 1). Shortly before trial, the case was settled.

Ty is again a defendant in a remarkably similar case now pending in the Northern District of Illinois entitled, *Peaceable Planet, Inc. v. Ty, Inc.*, 01 CV 7350. In that case, the plaintiff, Peaceable Planet, Inc. ("Peaceable Planet"), accuses Ty of trademark infringement based on Ty's use of the name "Niles" for a Beanie Baby camel. In a nutshell, Ty is again accused of ignoring the rights of a smaller competitor who trademarked the name for a plush toy animal before Ty.

131

## Argument

Through this motion, Peaceable Planet seeks restricted access to the evidence designated as confidential pursuant to the Stipulated Protective Order (copy attached as Exhibit 2) in the Ty litigation previously pending before this Court.[1] Ty will not be unfairly prejudiced if this motion is granted because Ty's confidential information will be equally protected in the pending litigation as in the litigation previously before this Court. Attached as Exhibit 3 is a copy of the Stipulated Protective Order entered in the pending Ty litigation. The Seventh Circuit has recognized that in these exact circumstances confidential information should be made available to litigants. *See Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1981) (vacating, under mandamus power, district court's refusal to allow non-party access to confidential information for use in similar case).

In *Wilk*, the American Medical Association was a defendant in two cases brought by different plaintiffs in different courts. The plaintiff in the second case, the State of New York, sought to use the confidential discovery from the first case that Wilk had brought in Illinois. The Seventh Circuit concluded that the district court had erred in denying New York's motion. The Court noted the preference for public disclosure of trial related materials generally, and reasoned that "this presumption should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues." *Wilk*, 635 F.2d at 1299.

Just as in *Wilk*, there are no "countervailing considerations" in this case militating against modification of the protective order. *Id.* at 1300. Ty has no legitimate concern about disclosure of its allegedly confidential evidence to others. Peaceable Planet seeks to use Ty's allegedly confidential information and evidence only against Ty itself. In fact, Peaceable Planet will

---

[1] To the extent any confidential information of Imperial Toy from the prior Ty litigation may be implicated by this motion, Imperial Toy has given its authorization for disclosure in the pending Ty litigation. *See Declaration of Fred Kort* (copy attached as Exhibit 4).

2

stipulate that, until trial, any confidential evidence and information from the prior case before this Court will be for attorneys' eyes only in the pending Ty litigation – meaning that even Peaceable Planet business principals will not have access to the evidence until, and unless, the case goes to trial.

Peaceable Planet is a bona fide litigant who needs access to the evidence from the case before this Court for bona fide litigation purposes. *Wilk*, 635 F.2d at 1300. Ty is accused of virtually the identical tortious conduct in the pending litigation as in the case previously before this Court. In the prior case before this Court, Ty, Mr. Warner, and others provided testimony, admissions and other evidence concerning: (1) how Ty chooses its character names for its Beanie Babies; (2) the significance of the character names for Beanie Babies; (3) how Ty markets and advertises its Beanie Babies; (4) to whom Ty sells its Beanie Babies; (5) the sophistication of Beanie Babies customers; (6) who Ty's competitors are; (7) how Ty decides to "retire" or cease use of a Beanie Baby name, and numerous other issues equally relevant to the current Ty litigation. Additionally, Peaceable Planet should be provided access to show Ty's apparent "routine practice" of choosing infringing Beanie Babies names, and to rebut Ty's claim that it is an innocent infringer that simply made a mistake.

Ty simply hopes that its admissions, testimony and other evidence from the prior case before this Court will not see the light of day in the pending litigation against Ty. Indeed, in the prior case this Court concluded that the testimony of Ty Warner (Ty, Inc.'s then and current CEO) concerning whether products competed with Ty's Beanie Babies was "incredible" on the basis of "previous testimony" from yet another case that Imperial was able to use against Mr. Warner. *Imperial*, 48 USPQ2d at 1303 n.2. Here, Peaceable Planet seeks the same opportunity to present the truth concerning Mr. Warner, his company and their actions. It would not serve the

3

judicial process to permit Mr. Warner and Ty, Inc. to escape their prior testimony, admissions and evidence, and craft, instead, a new "truth" tailored to the fabric of the pending litigation. *See Wilke*, 635 F.2d at 1299 (describing the effect of evidence from other litigations in terms of the "virtues of sunlight as a disinfectant").

Ty has already started down that path. At his deposition in the pending litigation, Mr. Warner disavowed testimony he provided in the prior preliminary injunction hearing before this Court.[2] This Court should not permit the Stipulated Protective Order it entered in the prior litigation to be the vehicle that Ty and Mr. Warner use to continue down this road.

### Conclusion

For the reasons stated above, Peaceable Planet respectfully requests that the Court modify the Stipulated Protective Order in this case to permit it restricted access to all information and evidence designated confidential in this case. The confidential information and evidence from this case will be protected under the terms of the Stipulated Protective Order to which Ty agreed in the currently pending case involving Peaceable Planet. Specifically, the confidential evidence and information from this case should be designated for "attorneys' eyes only" under the Stipulated Protective Order in the pending Ty litigation (in which Peaceable Planet is the plaintiff) up to trial. The confidentiality designation should be removed should the pending Ty litigation get tried.

Dated: August 2, 2002

Respectfully submitted,

By: _/s/ Marc S. Cooperman_
Charles W. Shifley, Esq.
Marc S. Cooperman, Esq.
Scott A. Burow, Esq.

---

[2] Ironically, because Ty has designated Mr. Warner's deposition testimony as confidential in the pending litigation, Mr. Warner's precise testimony cannot be described in this motion, to this Court.

4

Banner & Witcoff, Ltd.
10 South Wacker Drive
30th Floor
Chicago, Illinois 60606
(312) 715.1000

Attorneys for Peaceable Planet, Inc.

# SEE CASE FILE FOR EXHIBITS